UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOISIANA
SHREVEPORT DIVISION

NAKISHA JACKSON                                 CIVIL ACTION NO. 21-0276

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

SHREVEPORT POLICE DEPT.                         MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before this Court is a Motion to Dismiss filed by the Shreveport Police Department ("Defendant") seeking dismissal of Plaintiff Nakisha Jackson's ("Jackson") claim under 42 U.S.C. § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights. See Record Document 14-1. For the reasons stated below, the Motion to Dismiss under Rule 12(b)(6) is **GRANTED**.

### BACKGROUND

Jackson files the instant Complaint, in addition to three other civil actions before this Court, alleging constitutional violations under 42 U.S.C. § 1983. The influx of filings stem from state court proceedings in which parties requested protective orders be placed on Jackson to prohibit her from contacting the requesting parties. The other complaints filed in this Court have been dismissed with prejudice, and Jackson has been barred from filing motions for reconsideration in such matters without first requesting permission from the Court. See Nakisha Jackson v. 1st Judicial District Court, et al., 20-cv-164 (W.D. La.). Jackson has also been barred from email communications with the Court except for sending courtesy copies of pleadings she has filed in the record. See id.

In her present Complaint, Jackson alleges police misconduct and stalking by the Shreveport Police Department. Jackson specifically asserts that the warrant for her arrest

1

was not supported by probable cause. Jackson further asserts that Detective Karam ("Karam") has stalked and harassed her in the form of warrants to obtain her personal information and photos of her from a post office. Jackson claims that Karam is retaliating against her for exercising her right to freedom of speech under the First Amendment when she reported a crime. Thus, Jackson claims that the arrest and search warrants were obtained in violation of her First and Fourth Amendment rights and that she has been deprived of due process under the Fourteenth Amendment.

Defendant moves to dismiss because it is not a juridical entity with capacity to be sued and because Jackson has failed to state plausible claims for relief in her Complaint. See Record Document 14-1. Jackson did not oppose the Motion.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires pleadings which state a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In conjunction, Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." While a complaint need not include detailed factual allegations to survive a motion to dismiss, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65 (2007). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, 127 S.Ct. at 1955). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id. at 570, 127 S.Ct. at 1955. A court must draw on its judicial experience and common sense to determine whether a complaint states a plausible claim for relief. See Ashcroft, 556 U.S. at 679.

1. **Shreveport Police Department's Capacity to be Sued**

Federal Rule of Civil Procedure 17(b)(3) provides that capacity to be sued is determined "by the law of the state where the court is located." In Louisiana, an entity must qualify as a juridical person to have the capacity to be sued. See Dugas v. City of Breaux Bridge Police Dep't., 99-1320 (La.App.3d Cir. 2/2/00), 757 So.2d 741. Louisiana Civil Code Article 24 provides that "[a] juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."

The Shreveport Police Department does not qualify as a juridical person and is therefore not amenable to suit in the state of Louisiana. See Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . ."), Porche v. St. Tammany Parish Sheriff's Office, 67 F.Supp.2d 631, 635 (E.D. La. Oct. 5, 1999) ("The law of Louisiana affords no legal status to the Parish Sheriff's Department wherein said department can sue or be sued . . ."), Ferguson v. Stephens, 623 So.2d 711, 714 (La.App. 4th Cir. 1993) (stating that the Sheriff's Office has consistently "been held to be a non-entity capable of being sued . . ."). The appropriate defendant for this suit is the City of Shreveport.

2. **Elements of a Monell Claim**

This Court additionally notes that, even if the City of Shreveport had been named as the proper defendant, the Rule12(b)(6) Motion would be granted because the elements of a Monell claim are not pled in the Complaint. To succeed on a Monell claim, a plaintiff

must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. See McGregory v. City of Jackson, 35 F.App'x 446, 448, 2009 WL 1833958, *2 (5th Cir. 2009) (citing Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247–49 (5th Cir. 2003)).

In her Complaint, Jackson does not state that any policies or patterned practices exist. Rather, she makes bald, conclusory allegations of stalking, harassment, and retaliation by Detective Karam. While this Court accepts factual matters in the Complaint as true, conclusory statements are not entitled to be assumed true. See Ashcroft v. Iqbal, 556 U.S. at 663, 129 S.Ct. at 1940. As to the second element, Jackson does not identify a policymaker charged with actual or constructive knowledge. The only individual referenced in the present Complaint is "Detective Karam," and no other details are pled regarding the identity of the policymaker. As to the third element, Jackson has neither made any allegation nor pled any facts from which this Court could plausibly draw the conclusion that the alleged constitutional violations occurred because of an official policy or custom. Therefore, had the City of Shreveport been named as a defendant, this Court would still have dismissed the instant action for failure to state a claim because Jackson does not sufficiently plead any of the requisite elements for a Monell claim.

### 3. Independent Intermediary Breaks the Chain of Causation

Finally, this Court notes that, had Jackson named Detective Karam as a defendant in her Section 1983 claim, the Rule 12(b)(6) Motion would be granted because the issuance of warrants by an independent intermediary breaks the chain of causation, insulating Detective Karam as the alleged officer executing the warrants. The basis for

Jackson's claims that her First, Fourth, and Fourteenth Amendment rights have been violated rests on her conclusory statement that the arrest and search warrants issued lack probable cause. However, when an independent intermediary such as a magistrate or grand jury decides to issue a warrant, "the intermediary's decision breaks the chain of causation, insulating the initiating party." Cuadra v. Hous. Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact "if it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." Hand v. Gary, 838 F.2d 1420, 1428. In her Complaint, Jackson does not state any facts from which this Court could conclude that Detective Karam tainted the deliberations of the intermediary. Thus, the independent intermediary's issuance of a warrant is an additional basis for dismissal in this action because such act is sufficient to break the chain of causation, insulating Detective Karam as the alleged officer executing the warrants.

      This Court finds that the Shreveport Police Department has no capacity to be sued. As a result, the Defendant's Motion to Dismiss is **GRANTED** with regards to Jackson's constitutional claims under 42 U.S.C. § 1983. As additional grounds for dismissal, Jackson has not pled any of the requisite elements for a Monell claim against the City of Shreveport, and the issuance of a warrant by an independent intermediary caused a break in the chain of causation, insulating the executing officer, had he been named a defendant.

## CONCLUSION

For the foregoing reasons,

Jackson's claims against the Shreveport Police Department are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of August, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT